UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>CLEAR RECON CORP., et al.,<br><br>            Defendants. | No. 2:15-cv-00968-TLN-AC<br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Currently, the parties are scheduled to appear at an initial scheduling conference before the undersigned on October 28, 2015.  Because plaintiff has yet to submit proof of service upon defendants, the court will continue the initial scheduling conference and order plaintiff to show cause why his first amended complaint should not be dismissed for failure to prosecute under Federal Rule 41(b).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service of process on defendants within 120 days after the filing of the complaint. Rule 4(j) states in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j).  Local Rule 210, in turn, requires that proofs of service and waivers of

service of process be filed with the court.

Plaintiff filed his complaint on April 30, 2015. ECF No. 1. On May 5, 2015, the court ordered plaintiff to serve defendants within 120 days and file proof of that service. ECF No. 4. Plaintiff has yet to file proof of service upon any defendant, and only one defendant has appeared to date. Accordingly, the court will continue the initial scheduling conference to December 16, 2015, and order plaintiff to show cause why the operative first amended complaint should not be dismissed for failure to prosecute.

Defendant Clear Recon Corp. ("Recon Corp."), the only defendant to appear thus far, filed a declaration of non-monetary status on October 16, 2015. ECF No. 7. Section 2924l of the California Civil Code provides that where a "trustee under a deed of trust [who] is named in an action or proceeding in which the deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee" it may file a declaration of nonmonetary status. Cal. Civ. Code § 2924l(a). If unopposed, "the trustee shall not be required to participate any further in the action or proceedings, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject to the action or proceeding." Id. at § 29241(d); see also, e.g., Kachlon v. Markowitz, 85 Cal. Rptr. 3d 532, 558 (2008).

It appears to this court that California Civil Code § 2924l is a state procedural rule, and not state substantive law. See In re County of Orange, 784 F.3d 520, 529 (9th Cir. 2015) ("'[F]ederal courts sitting in diversity apply . . . federal procedural law.'" (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 416 (1996))). Accordingly, nonmonetary status may not be granted in federal court. The court will strike Recon Corp.'s notice of non-monetary status and order it to respond to plaintiff's first amended complaint within twenty-one (21) days.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The court's October 28, 2015, initial scheduling conference is continued to December 16, 2015;

2. Plaintiff shall show cause in writing within fourteen (14) days of the date of this order

1 why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for
2 failure to prosecute;
3   3. Recon Corp.'s declaration of non-monetary status, ECF No. 7, is STRICKEN; and
4   4. Recon Corp. must file a responsive motion or pleading to plaintiff's first amended
5 complaint within twenty-one (21) days of the service of this order.
6 DATED: October 27, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE