UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON, | No. 2:15-cv-00968-TLN-AC |
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| CLEAR RECON CORP., et al., | |
| Defendants. | |

On February 10, 2016, the court held a hearing on defendants Clear Recon Corp. ("Clear Recon") and Bank of America, N.A.'s ("Bank of America") motions to dismiss. Plaintiff failed to appear. Timothy Pomeroy appeared telephonically on behalf of Clear Recon, and Jason M. Richardson appeared on behalf of Bank of America. On review of the motions, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Plaintiff filed his original complaint in Fresno on April 30, 2015. ECF No. 1. Then, on May 5, 2015, the court transferred the matter to this courthouse. ECF No. 2. On August 24, 2015, plaintiff filed a first amended complaint against defendants. ECF No. 6. On October 16,

////

////

2015, Clear Recon filed a declaration of non-monetary status.[1]  ECF No. 7. On October 27, 2015, the court (1) continued the October 28, 2015, scheduling conference to December 16, 2015; (2) ordered plaintiff to show cause within fourteen days why this action should not be dismissed for failure to properly serve a single defendant; (3) struck Clear Recon's declaration of non-monetary status under the Erie Doctrine; and (4) ordered Clear Recon to file a responsive motion or pleading to plaintiff's first amended complaint within twenty-one days.  ECF No. 8.

On November 9, 2015, plaintiff filed a response essentially stating that he had failed to properly serve defendants because of confusion with his process server.  ECF No. 9.  On November 17, 2015, Clear Recon filed a motion for reconsideration of its declaration of non-monetary status or, in the alternative, an extension of time to file a response.  ECF No. 10.  On December 1, 2015, the court (1) discharged its order to show cause; (2) granted plaintiff a twenty-one day extension of time to file proofs of service upon defendants; (3) granted Clear Recon's motion for reconsideration and re-affirmed its order striking the declaration; and (4) granted Clear Recon an extension of time to December 16, 2015, to file a responsive motion or pleading.  ECF No. 11.  The next day, the court issued a minute order continuing the scheduling conference to March 23, 2016.  ECF No. 12.

On December 16, 2015, Clear Recon filed a motion to dismiss plaintiff's first amended complaint along with a request for judicial notice.  ECF Nos. 13–15.  Clear Recon re-noticed its motions on December 17, 2015, and again on December 18, 2015, ultimately scheduling it for hearing on February 10, 2016.  ECF Nos. 17, 18.  On December 29, 2015, Bank of America filed a motion to dismiss also noticed for hearing on February 10, 2016, along with a request for judicial notice.[2]  ECF Nos. 19, 20.  On January 19, 2016, plaintiff filed an opposition to Bank of America's motion to dismiss and request for judicial notice.  ECF Nos. 25, 26.  On January 22, 2016, Bank of America filed a reply.  ECF No. 27.  On January 29, 2016, Clear Recon filed a

---

[1] According to California Civil Code § 2924l, declarations of non-monetary status can be filed when a party believes it has been named in an action or proceeding solely in its capacity as trustee. If unopposed, the trustee is not required to participate in the proceedings and is not subject to any monetary awards. Id.

[2] That hearing was improperly noticed before Judge Nunley, then re-noticed before the undersigned on December 30, 2015.  ECF No. 23.

1  notice of non-opposition to its motion to dismiss. ECF No. 28.

2  FACTUAL BACKGROUND

3  The following facts primarily reflect plaintiff's factual allegations. However, where
4  judicially noticeable documents contradict or add to plaintiff's allegations those are cited instead.
5  Plaintiff alleges that on June 19, 2007, he executed a Deed of Trust in the amount of
6  $384,000.00.[3] ECF No. 6 at 6. That Deed of Trust names plaintiff as the borrower, Countrywide
7  Home Loans, Inc. ("Countrywide") as the lender, and CTC Real Estate Services as the trustee.
8  ECF No. 15-1 at 8. Plaintiff asserts that the foregoing Deed of Trust secured him a loan, but that
9  loan was not used "for the purpose or initial acquisition of that home." ECF No. 6 at 12.
10 Countrywide was then "sold and transferred into a 'federally-approved securitization' Trust
11 named Banc [sic] of America Funding Corporation." Id. at 6. Plaintiff requested his "Disclosure
12 Documents" from Countrywide sometime after August 15, 2007, but his requests went
13 unanswered. Id. at 7. Eventually, on August 2, 2009, plaintiff sent Countrywide and Bank of
14 America a "Notice or [sic] Right to Cancel," which plaintiff argues effectively rescinded his loan.
15 Id.

16 Plaintiff also alleges that on May 4, 2015, he contacted Bank of America and requested a
17 loan modification. Id. at 4. At the same time, plaintiff requested that a trustee sale scheduled for
18 May 6, 2015, be canceled. Id. at 4–5. Bank of America then canceled the sale and agreed to
19 consider a trial loan modification. Id. at 5. Bank of America required that plaintiff provide
20 certain documentation to be eligible for the modification. Id. Plaintiff complied and provided
21 Bank of America with the requested documentation. Id. On June 10, 2015, plaintiff received a
22 letter from Bank of America indicating that he had been approved for a trial period plan (TPP).
23 Id. However, the TPP required plaintiff to make three consecutive monthly payments of
24 $5,265.50, in substantial excess of his original $2,320.00 mortgage. Id.

25 ////
26 ////

---

[3] The Deed of Trust attached to Clear Recon's request for judicial notice is dated June 21, 2007. ECF No. 15-1 at 22.

LEGAL STANDARDS

I. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1762 (2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

////

II.     Truth in Lending Act (TILA)

Congress passed the Truth in Lending Act (TILA), 82 Stat. 146, as amended, to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a).  To this end, TILA requires creditors to make certain disclosures in writing at the consummation of a loan or shortly thereafter.  15 U.S.C. § 1631 et seq.  As an added protection, TILA grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so."  § 1635(a).  Creditors are required to notify borrowers of this right to recission and supply them with the forms necessary to exercise that right.  Id.  "[I]f a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'"  Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 791-92 (2015) (citing § 1635(f)).

## ANALYSIS

For the reasons explained below, both defendants' motions to dismiss should be granted and plaintiff should be granted leave to amend.  The court should grant Clear Recon's motion to dismiss because it is unopposed, and Bank of America's motion to dismiss because the complaint does not allege facts sufficient to state a claim.

I.     Clear Recon's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).  The court's local rules require a

responding party to file either an opposition or notice of non-opposition to the granting of a motion. Local Rule 230(c). Although plaintiff filed an opposition to Bank of America's motion to dismiss, ECF No. 25, he neglected to file either an opposition or notice of non-opposition to Clear Recon's motion in violation of Local Rule 230 and Federal Rule 41. The court will grant Clear Recon's motion to dismiss in light of plaintiff's failure to oppose it.[4] Plaintiff is warned, however, that he must respond to future motions to dismiss in accordance with Local Rule 230 whether he opposes them or not.

The undersigned recommends below that plaintiff be granted leave to amend his complaint. This means that plaintiff may reassert his claims against Clear Recon in an amended complaint if he wishes to do so. If plaintiff wishes to dismiss his claims against Clear Recon, he may file a notice of voluntary dismissal pursuant to Federal Rule 41(a)(1)(A).

## II. Bank of America's Motion to Dismiss

The court will also recommend that Bank of America's motion to dismiss be granted because plaintiff does not allege facts sufficient to state a claim. The complaint includes four claims: breach of contract, wrongful foreclosure, quiet title, and declaratory relief.

### A. Breach of Contract

Plaintiff's claim for breach of contract, which seems to lie solely against Bank of America, fails because plaintiff does not explain what contract is at issue or how Bank of America is in breach. To state a claim for breach of contract, a claimant must allege facts to show: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Plaintiff alleges that Bank of America "breached the 'contract' by never providing Plaintiff with true, complete, accurate or timely response or documents as required and requested." ECF No. 6 at 12–13. Plaintiff does not explain, however, what contract he is referring to or what it required Bank of America to do. In fact, the right to

---

[4] The court also notes that the deficiencies of the complaint, discussed below in relation to Bank of America's motion, warrant dismissal of all claims against all defendants for failure to state a claim.

1 rescission that plaintiff goes on to discuss, id. at 13, is something provided for not by contract but
2 by TILA.

3     If plaintiff means to assert a claim based on TILA's right of rescission (and that is not at
4 all clear), he has failed to allege facts sufficient to do so.  If a creditor fails to make even a single
5 disclosure required by TILA, the borrower retains his right to rescind until three years after the
6 date of consummation of the transaction or upon the sale of the property, whichever comes first.
7 Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986) ("Williamson
8 held that the omission of the expiration date, though a purely technical violation of TILA, entitled
9 the plaintiff to rescind the loan agreement for up to three years, without regard to whether the
10 omission was material.").  If, however, the creditor makes all of the required disclosures, a
11 borrower has only three days.  Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792
12 (2015); Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002), as amended on
13 denial of reh'g (Dec. 23, 2002) ("If proper notice of recission rights is not delivered to the
14 consumer at the time of closing, and the lender fails to cure the omission by subsequently
15 providing the proper information, the consumer's usual right to rescind within three days of
16 closing is extended to three years.").

17     Plaintiff alleges that his mortgage was consummated on June 19, 2007, and he requested
18 rescission of that mortgage on August 2, 2009.  ECF No. 6 at 6–7.  Accordingly, plaintiff's
19 request to rescind was timely only if Countrywide/Bank of America neglected to make a required
20 disclosure.  Plaintiff alleges that he never received "Disclosure Documents" from Countrywide,
21 but never explains which documents were not provided.  Id.  Alleging that Countrywide failed to
22 adhere to TILA's disclosure requirements in some unspecified way is not sufficient to establish
23 that the three year period applies.  Accordingly, plaintiff has failed to allege facts sufficient to
24 show that he was entitled to rescind his loan when he did and that Bank of America violated
25 TILA by rejecting his request to do so.

26     It is also possible that plaintiff means to bring a claim for violation of HAMP.  Plaintiff
27 asserts that by offering him a loan modification that actually exceeded his original payment plain
28 Bank of America violated HAMP, which was created to help lenders keep their homes.  ECF No.

6 at 5–6, 15. HAMP, however, does not provide a private right of action. See, e.g., Aleem v. Bank of Am., No. EDCV09-01812-VAP RZX, 2010 WL 532330, at *3 (C.D. Cal. Feb. 9, 2010) (D.J. Phillips).

### B. Wrongful Foreclosure

The court will recommend that Bank of America's motion be granted as to plaintiff's wrongful foreclosure claim as well. Plaintiff's wrongful foreclosure claim seems to actually be a claim for violation of Regulation Z, 12 C.F.R. § 226 et seq., a regulation issued by the Board of Governors of the Federal Reserve System to implement TILA. Beyond that, however, it is unclear what plaintiff is alleging. Plaintiff repeatedly states that Bank of America is "not the holder in due course" and "has no legal relationship to the note" but these allegations are devoid of any facts. ECF No. 6 at 14–15. Plaintiff also specifically points to "12 § 226.39," which is likely a reference to 12 C.F.R. § 226.39. Id. at 14. Section 226.39 requires new owners of existing mortgages to mail certain disclosures to the consumer on or before the 30th calendar day following the date of transfer. 12 C.F.R. § 226.39(b). Again, however, plaintiff does not include any facts to support a claim that Bank of America has violated this regulation. Accordingly, plaintiff has not stated a claim for wrongful foreclosure or violation of Regulation Z.

### C. Quiet Title

Plaintiff also fails to allege facts sufficient to state a claim for quiet title. Plaintiff asserts broadly that defendants have no right to foreclose on the Property, without providing a legal or factual basis for the assertion. Initially, plaintiff states that defendants cannot foreclose on the Property because they do not possess the note and cannot prove any interest in it. ECF No. 6 at 16. However, plaintiff does not point to any authority for the proposition that defendants must prove they have an interest in the note before foreclosing. Numerous courts have, in fact, expressly rejected the argument that lenders must produce the original note to initiate foreclosure. See, e.g., Candelo v. NDex West, LLC, No. CV F 08-1916 LJO DLB, 2008 U.S. Dist. LEXIS 105926, at *12 (E.D. Cal. Dec. 23, 2008) (D.J. O'Neill) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure.").

Plaintiff also seems to argue that he is entitled to quiet title because the mortgage and note

are void as of the date he rescinded his loan. ECF No. 6 at 17. However, for the reasons discussed above, plaintiff has not alleged facts sufficient to establish his attempted rescission was effective.

   D. <u>Declaratory Relief</u>

  Plaintiff's claim for declaratory relief fails because he is seeking relief for past wrongs. Declaratory relief exists so that individuals can request the court adjudicate a case or controversy between parties, as long as that controversy cannot be addressed by another coercive remedy. <u>See</u> <u>Seattle Audubon Soc. v. Moseley</u>, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotation signals omitted)). Plaintiff's declaratory relief claim is based on the same allegations as his previous claims. Such a claim is improper because it in essence duplicates plaintiff's other causes of action and attempts to address past wrongs. <u>See</u>, <u>e.g.</u>, <u>Ruiz v. Mortgage Elec. Registration Sys., Inc.</u>, No. CIV S-09-0780FCDDAD, 2009 WL 2390824, at *6 (E.D. Cal. Aug. 3, 2009) (D.J. Damrell, Jr.).

 III. <u>Judicial Notice</u>

  The court will grant defendants' requests for judicial notice. Clear Recon requests that the court take judicial notice of: (1) Grant Deed; (2) Deed of Trust; (3) a second Deed of Trust; (4) Notice of Default; (5) Substitution of Trustee and Assignment of Deed of Trust; (6) a second Grant Deed; (7) a Deed of Full Reconveyance;[5] (8) Assignment of the Deed of Trust; (9) Substitution of Trustee; and (10) Notice of Trustee Sale. ECF No. 15 at 3–4. All of the aforementioned documents were recorded in the Solano County Recorder's Office. <u>Id.</u>; ECF No. 15-1. Bank of America also seeks judicial notice of the first and tenth documents in Clear Recon's request. ECF No. 20.

////

---

[5] Clear Recon asserts that this deed is fraudulent, but the court does not take judicial notice of that alleged fact. ECF No. 15 at 3.

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Every document defendants request be judicially noticed is capable of accurate and ready determination because it has been filed in the Solano County Recorder's Office. See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (judicially noticing certain documents contained in the public records of the Santa Clara County Recorder). Accordingly, defendants' requests for judicial notice should be granted.

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that its March 23, 2016, initial scheduling conference is VACATED, to be calendared for a future date if necessary.

THE COURT FURTHER RECOMMENDS that:

1. Clear Recon's December 16, 2015, motion to dismiss, ECF No. 14, be GRANTED;

2. Bank of America's motion to dismiss, ECF No. 19, be GRANTED; and

3. Plaintiff be granted thirty days from the date of service of the presiding district judge's order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE