UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEAR RECON CORP., BANK OF AMERICA, N.A., STEWART TITLE,<br><br>    Defendants. | No. 2:15-cv-00968 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro per and in forma pauperis. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21), and now proceeds on the Second Amended Complaint. Presently before the court is defendant Bank of America's motion to dismiss, ECF No. 42, in which defendant Clear Recon Corp. has joined, ECF No. 43. Plaintiff opposes the motion. ECF No. 46.

I.     PROCEDURAL BACKGROUND

Plaintiff initiated this action in pro se on April 30, 2015, by filing a twenty-four page Complaint against Clear Recon Corp. ("Clear Recon"); Bank of America, N.A. ("Bank of America"), as successor to preceding mortgage holders; and Stewart Title. ECF No. 1. The complaint asserted seven causes of action related to the foreclosure and pending trustee sale of

////

////

1

1  residential property in Fairfield, California.[1]  On August 24, 2015, before any party had
2  responded to the complaint, plaintiff filed a twenty-three page First Amended Complaint
3  ("FAC").  ECF No. 6.  This Complaint contained four claims: (1) breach of contract; (2) wrongful
4  foreclosure; (3) quiet title; and (4) declaratory relief.  On October 27, 2015, because plaintiff had
5  failed to file proof of service upon defendants, the court ordered plaintiff to show cause why the
6  action should not be dismissed for failure to prosecute.  ECF No. 8.  Plaintiff responded with a
7  request for an extension of time to serve defendants, which was granted and the Order to Show
8  Cause was discharged.  ECF Nos. 9, 11.

9  Defendants Clear Recon and Bank of America each moved to dismiss the FAC.  ECF Nos.
10  13-18 (Clear Recon's motion), 19 (Bank of America's motion).  Both motions were calendared
11  for hearing on February 10, 2016 before the undersigned Magistrate Judge.  ECF Nos. 18, 23.
12  Plaintiff filed an Opposition to Bank of America's motion, which merely stated as to each cause
13  of action, "Plaintiff denies Defendant BOFA's claims and their Motion to Dismiss should be
14  denied."[2]  ECF No. 25 at 3-4.  Plaintiff also opposed Bank of America's request for judicial
15  notice of documents related to the home loan, disputing the validity of the submitted documents.
16  ECF No. 26.  He did not file an Opposition or Statement of Non-Opposition in relation to Clear
17  Recon's motion.  See ECF No. 28.

18  Plaintiff failed to appear at the hearing on the motions to dismiss, and the matter was
19  submitted for decision.  ECF No. 29.  On February 11, 2016, the court issued Findings and
20  Recommendations recommending the motions to dismiss be granted and that plaintiff be granted
21  leave to amend.  ECF No. 30.  The Findings and Recommendations explained the applicable
22  pleading standards and specifically identified the legal and factual defects in plaintiff's claims.
23  Id.

---

[1] The original complaint presented claims for (1) breach of contract; (2) wrongful foreclosure; (3) violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; (4) quiet title; (5) Civil RICO; (6) civil conspiracy; and (7) declaratory relief.  ECF No. 1.

[2] Plaintiff did insert in this Opposition an allegation that Bank of America was "dual tracking" foreclosure and loan modification, ECF No. 25 at 2:21-22, and further stated that the loan had been rescinded at some point but "Plaintiff didn't realize the rescission was still in effect" or he would not have sought modification of the loan.  Id. at 2:26-3:2.

On April 1, 2016, the district court adopted the Findings and Recommendations and granted plaintiff thirty days to file an amended complaint. ECF No. 33. When no amended complaint was filed within the time prescribed, Bank of America moved to dismiss for failure to prosecute. ECF No. 34. Clear Recon joined the motion, ECF No. 35, which had been noticed for hearing on June 22, 2016.

On May 23, 2016, plaintiff filed a motion to vacate the district court order adopting the Findings and Recommendations. ECF No. 36. A Second Amended Complaint was attached as an exhibit to that motion. Id. On June 2, 2016, plaintiff filed an Opposition to the pending motion to dismiss for failure to prosecute. ECF No. 37. On June 21, 2016, the undersigned issued an order construing plaintiff's motion to vacate as a motion to file and deem timely the Second Amended Complaint ("SAC"). ECF No. 40. As such, the motion was granted, ECF No. 40, and the Clerk accordingly filed the SAC at ECF No. 41. Defendants' motion to dismiss for lack of prosecution was denied as moot, and defendants were ordered to respond to the SAC. Defendants timely responded by filing the instant motion to dismiss. ECF No. 42.

## II.   THE SECOND AMENDED COMPLAINT

The SAC presents, in abbreviated form, the same four claims that were set forth in greater detail in the FAC: (1) Breach of Contract; (2) Wrongful Foreclosure; (3) Quiet Title; and (4) Declaratory Relief. The breach of contract claim alleges in general terms that a loan modification review between plaintiff and the Bank was never resolved and remains an open application. ECF No. 41 at 2-3. The wrongful foreclosure claim rests on the conclusory allegation that, with the loan application remaining open, the Bank could not legally foreclose on the property. Id. at 3. The quiet title claim rests on the allegation that the loan upon which foreclosure is predicated was rescinded in 2009 without any action by the Bank to contest it. Plaintiff contends that all actions taken by the Bank thereafter, including the December 11, 2015 substitution of defendant Clear Recon as Trustee, have no force and effect both by virtue of the rescission and the failure to

////

////

////

timely serve him with a Notice of Substitution.[3]  Id. at 3-4.  The declaratory relief consists of citation to the Declaratory Judgment Act, 28 U.S.C. § 2201.  Id. at 4.

The entire Second Amended Complaint contains four pages of text.

### III.  THE MOTION TO DISMISS

A.  Standards Under Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a Rule 12(b)(6) motion, the Court will only ascertain whether the nonmoving party has sufficiently alleged claims that would entitle him or her to relief.  Jackson v. Carey, 353 F.3d 750, 756 (9th Cir. 2003).  In doing so, the Court assumes the truth of all factual allegations and construes factual allegations in the light most favorable to the nonmoving party.  See Gompper v. VISX. Inc., 298 F.3d 893, 895 (9th Cir. 2002).  However, the court is not bound to accept as true a legal conclusion couched as a factual allegation.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally

---

[3] Plaintiff alleges that the Substitution was recorded on December 11, 2015, but no copy was provided to plaintiff until March 19, 2016.

1   cognizable right of action. 5 C. Wright & A. Miller, Federal Practice and Procedure§ 1216, pp.
2   235-36 (3d ed. 2004) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when
3   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
4   defendant is liable for the misconduct alleged." Iqbal¸ 556 U.S. at 678.

5   In reviewing a complaint under this standard, the court "must accept as true all of the
6   factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007),
7   construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon
8   Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), and resolve all doubts in the
9   plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not
10  accept as true legal conclusions "cast in the form of factual allegations." Western Mining
11  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

12  Moreover, pro se pleadings are held to a less stringent standard than those drafted by
13  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Pro se complaints are construed
14  'liberally' and may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no
15  set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762
16  F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).
17  However, the conclusions contained in the pleading "are not entitled to the assumption of truth."
18  Id. The plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its
19  face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Weber v. VA, 512
20  F.3d 1178, 1181 (9th Cir. 2008). In other words, plaintiff must, under general pleading standards
21  and specifically Federal Rule of Civil Procedure 8(a), provide more than a conclusory recitation
22  of the elements of a claim; that Rule "requires more than labels and conclusions, and a formulaic
23  recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

24       B.   Discussion
25            1.   Breach of Contract Claim

26  Plaintiff's complaint clearly does not meet the threshold requirement for pleading laid out
27  in Twombly and Weber, supra. Plaintiff's claim for breach of contract refers in general terms to a
28  "negotiation [for] a loan modification," which plaintiff alleges "has not been closed." ECF No.

1    41 at 2:23-26.  California law of contracts is applied in cases brought in the federal courts.
2    Swenson v. Amtrak, 2015 WL 6447493 (E.D. Cal. Oct. 23, 2015).  Under California law, in order
3    to plead a cognizable breach of contract a plaintiff must allege facts demonstrating: (1) the
4    existence of a contract; (2) plaintiff's performance of his contractual duties; (3) defendant's
5    failure to perform his contractual duties; and (4) the damage resulting to the plaintiff.  Oasis West
6    Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); see also J & J Pumps, Inc., 795 F.Supp.2d
7    1023, 1027 (E.D. Cal. 2011).  One cannot tell from plaintiff's complaint the nature of the contract
8    sued upon, when it was entered, who the parties were, what duties were imposed upon the parties,
9    or any other fact that would meet the pleading requirements for a breach of contract claim.
10   Plaintiff neither specifies these essential facts in his statement of the claim nor attaches a copy of
11   the contract at issue.  See Jackson v. Farmers Ins. Exchange, 2012 WL 5337076 at *4 (E.D. Cal.
12   Oct. 26, 2012).
13        The Findings and Recommendations addressing plaintiff's FAC informed him of the
14   elements of a breach of contract claim and the facts that must be specifically alleged in order to
15   state a claim.  ECF No. ECF No. 30 at 6:17-7:2.  The SAC does not respond at all to this
16   instruction.  Indeed, the SAC contains dramatically *less* background information and *fewer* facts
17   about the history of plaintiff's home loan than did the FAC.  Compare ECF No. 41 (SAC) at 2:23-
18   3:2 with ECF No. 6 (FAC) at 11:23-13:19.
19        For all these reasons, the SAC fails to state a claim for breach of contract.
20             2.    Wrongful Foreclosure Claim
21        Plaintiff claims that the open negotiation of the "loan modification" referred to above
22   precludes the inception of foreclosure proceedings.  ECF No. 41 at 3:7-13.  Yet he does not
23   provide any facts regarding when the "negotiation" began, what its terms were, whether it was
24   memorialized in written form, or any other salient allegations.  Id.[4]  As defendant Bank of
25   America points out, this court has held that in order to sue for wrongful foreclosure a plaintiff
26   must plead facts to show that any such foreclosure action was prejudicial to his interests.  Dick v.

---

[4] Plaintiffs also fails to allege that a foreclosure has, in fact, occurred or even been formally incepted.

1  American Home Mortg. Servicing, Inc., 2013 WL 5299180 at *3 (E.D. Cal. Sept. 18, 2013).

2  There are no such allegations.

3        The SAC fails to state a claim for wrongful foreclosure.

4            3.    Quiet Title Claim

5        In pleading this claim, plaintiff states that "the loan [on his property] had been rescinded

6  in 2009."[5]  He provides no facts, nor does he refer to any judicially noticeable documents that

7  would disclose relevant facts as to who rescinded the loan or the basis for the rescission.  He

8  does, however, challenge the validity of the documents for which bank of America has sought a

9  grant of judicial notice.[6]  See n.2, supra.  He does not allege that any cloud on the title to the

10  property was disposed of either by the "rescission" or by virtue of discharge of any debt owing on

11  the property, nor state any facts from which this could be inferred.  See Aguilar v. Bocci, 39

12  Cal.App.3d 475, 477 (1974) (to quiet title a trustor must show any debt on that title has been

13  discharged).

14        Plaintiff has previously been informed that he must plead facts that establish a basis for

15  his assertion that the loan has been effectively rescinded.  ECF No. 40 at 8:17-9:3.  The SAC

16  contains no such facts.  ECF No. 41 at 3:17-20.  Here as throughout, the SAC contains *less*

17  factual information than did the insufficient FAC.  Compare ECF No. 41 (SAC) at 3:17 to 4:9

18  with ECF No. 6 (FAC) at 15:24-18:18.  Accordingly, the SAC fails to state a claim for quiet title.

19            4.    Declaratory Relief Claim

20        Plaintiff was previously informed that a claim for declaratory relief will not lie merely to

21  redress past wrongs.  ECF No. 30 at 9:4-16.  Rather than articulating a cognizable basis for

22  declaratory relief, the SAC reduces the claim to an unexplained invocation of the Declaratory

23  Judgment Act.  ECF No. 41 at 4.  Plaintiff does not specify the rights and legal relationships of

24  which he seeks declaration, or identify any prospective controversy involving those rights.

---

[5] Plaintiff does not explain what was rescinded or the means by which that rescission occurred. If he is attempting to make a TILA claim, as he did in his original Complaint, ECF No. 1 at 16:18-26, he must do so explicitly under Federal Rule of Civil Procedure 8(a).

[6] Oddly, these judicially noticed documents would provide plaintiff with some of the information he, himself, should have pleaded, but he opposed the efforts of the Bank to have the documents accepted into the record.

Moreover, to the extent that plaintiff seeks declaratory relief vis-à-vis his other claims, this claim falls with them. Accordingly, the SAC fails to state a claim for declaratory relief.

### 5. Futility of Further Amendment

After sixteen months of proceedings, plaintiff has failed to provide this court with a substantive complaint. He has previously been provided guidance regarding necessary amendments to his putative claims, but has failed to follow the court's direction. Indeed, the SAC is even further from stating any claim than was the FAC. Rather than providing necessary predicate facts, plaintiff has reduced his claims to nothing more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which is insufficient. Twombly, 550 U.S. at 555. This course of conduct is more consistent with an attempt to retard Bank of America's management of the loan at issue here, than with an attempt to cure the defects of the complaint.[7]

In dismissing for failure to state a claim, a district court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). A district court, however, may in its discretion deny leave to amend for reasons including the futility of amendment and the failure to cure deficiencies by amendments previously allowed. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009). In this case plaintiff has already amended twice, once with guidance from the court. Nevertheless, he has submitted an amended complaint that not only fails to improve upon his previous complaint but is even more devoid of necessary facts. This demonstrates that further leave to amend would be futile. Accordingly, the court will recommend that plaintiff's amended complaint be dismissed without leave to amend.

---

[7] Plaintiff's history of failing to timely serve, failing to respond to motions, failing to appear at hearing, and belated responses to court orders, also suggest an intent to delay. Because the complaint should be dismissed without leave to amend for the independent reasons stated above, however, the undersigned makes no findings regarding bad faith and does not rely on plaintiff's inconsistent prosecution of the case as a basis for the recommendation.

CONCLUSION

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss, ECF Nos. 42, be GRANTED with prejudice;

2. Judgement be entered against Plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Amended Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 26, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE